In the Matter of the Petition of Security Trust and Safe Deposit Company, Administrator *d. b. n. c. t. a.* of the last will and testament of Hannah M. Darlington, deceased.

*New Castle, Aug. 4, 1914.*

Under 24 *Del. Laws, c.* 235, providing that when real estate is devised for life, and thereafter to be sold, and no person is authorized to make the sale, the person who shall have the execution of the will at the period when such sale is to be made shall have authority to make the sale, an administrator with the will annexed may make such sale, where the executor died before the life tenant, even though the administrator was not appointed until after the death of the life tenant, since the word "period," as used in the statute, does not mean the instant of the death of the life tenant, but includes the time elapsing after his death.

Where an administrator with the will annexed is clearly entitled, under 24 *Delaware Laws, c.* 235, to sell real estate pursuant to the terms of the will, an order of the court authorizing such sale is unnecessary.

Petition by the Security Trust and Safe Deposit Company, administrator with the will annexed of Hannah M. Darlington, deceased, for an order to sell real estate pursuant to the will.

The facts are stated sufficiently in the opinion.

*Benjamin Nields* for the petitioner.

The Chancellor. Hannah M. Darlington by her will gave to Anna and Emily Webb real estate in Wilmington for their lives and the life of the survivor of them, and directed that upon the death of the survivor the real estate should be sold and the proceeds arising therefrom divided among certain persons

named. She also appointed an executor, who died in the life of the life tenant, and the Security Trust and Safe Deposit Company has, since the death of the life tenant, become administrator *d. b. n. c. t. a.* It has filed a petition for an order authorizing it to sell the real estate mentioned in the above will, and distribute the proceeds arising therefrom to and among the persons entitled thereto, as provided in the will. The administrator has doubts as to its authority to make the sale without an order of this court.

The statute of 1907, supplementing prior similar statutes, provides that if by will real estate be devised to a person for life and thereafter "to be sold, and no person be authorized to make said sale, the person or persons who shall have the execution of said will at the period when such sale is directed to be made, or the survivor or survivors of them, if several, shall have authority to sell said real estate in execution of said devise." *Volume* 24, *c*. 235, *p*. 640, *Laws of Delaware*, approved March 14, 1907. This statute fits this case. There is here a devise for life, a direction that thereafter the land devised be sold and the proceeds divided, and no one is appointed to make the sale. The duty to do so would have devolved on the executor named in the will if he had survived the life tenant. But when the time arrived for the performance of this duty, viz., after the death of the life tenant, the executor was dead and no one at and immediately after the death of the life tenant had the execution of the will. After an interval the petitioner became administrator with the will annexed, and thereafter, and now, has the execution of the will. The word "period" used in the statute does not mean the instant of the death of the life tenant, but is the time elapsing after the death of the life tenant. In other words, being an enabling act, intended to aid and not to obstruct the free execution of the wishes of a testator for the conversion of real estate into money for the purposes shown in the will, it should be liberally construed, if necessary; but even a reasonable construction is that whoever, at any time after the death of the life tenant has the execution of the will may sell and so convert the real estate into money for such purposes.

The case of *Chandler v. Delaplaine*, *4 Del. Ch.* 503, decided in 1872, relates to a different statute. There the executrix was the life tenant, and the statute then in force did not seem to the court to authorize ·a conversion by one who being the life tenant could not exercise a power which by the will could be exercised only after the death of the life tenant. Such a situation is relieved by the statute of 1907, above referred to.

The words "or the survivor or survivors of them, if several," contained in the statute of 1907, while confusing to a certain extent, and possibly inapt as used, still have no application here, and do not alter the view above expressed as to the general scope and effect of the statute.

It being clear, therefore, that the administrator *d. b. n. c.t.a.* of Hannah M. Darlington had, under the statute of 1907, power to sell the real estate pursuant to the will, it is unnecessary, and therefore improper, that an order should be made in the matter, and the prayer of the petition is therefore denied.